UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

KENNETH CUNNINGHAM,

    Plaintiff,

v.

IQ DATA INTERNATIONAL INC.,

    Defendant.
_____/

**NOTICE OF REMOVAL**
**BASED ON FEDERAL QUESTION JURISDICTION**

DEFENDANT, I.Q. DATA INTERNATIONAL INC., by and through undersigned counsel, hereby files this Notice of Removal based on Federal Question Jurisdiction from the County Court of Flagler County, Florida, Case No. -2024-SC-000712 (Small Claims), to the United States District Court for the Middle District of Florida; and, states as follows:

    1.    This removal is based on Federal Question Jurisdiction, 28 USC §§1331, 1441, and 1446.

    2.    The Complaint in this action was filed in the County Court of Flagler County, Florida on approximately June 14, 2024. It was served on approximately **June 18, 2024**. The Complaint is attached as **Exhibit 1.**

    3.    DEFENDANT IQ DATA is a debt collector.  The Complaint alleges a

violation of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

4. Of course, the FDCPA is a Federal statute.

5. Accordingly, this Court has jurisdiction over this matter pursuant to Federal Question Jurisdiction, 28 USC §1331:

> **The Complaint filed in state court sets forth a claim under the FDCPA, and therefore the claim clearly arises under federal law**, and a federal court would have original jurisdiction over such a claim. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331. This case was therefore properly removed under 28 U.S.C. § 1441(a), unless an act of Congress provides otherwise.
>
> **There is no provision of the FDCPA which precludes removal of such a case to federal court.** While a state court has concurrent jurisdiction to hear a FDCPA claim, 15 U.S.C. § 1692k (d), this does not preclude removal. [citation omitted]. Additionally, plaintiff's choice of a state forum does not preclude defendant from removing the case. While as master of her complaint plaintiff need not assert a federal claim, having done so plaintiff subjected herself to the possibility that defendant would remove the case to federal court. [citation omitted]. **There is no basis for the court to abstain from its "virtually unflagging obligation" to exercise its jurisdiction.** [citation omitted].

Rutherford v. Wells Fargo Bank N.A., 2013 WL 3119414 *1 (M.D. Fla. June 18, 2013).

6. Thus, this matter is removable pursuant to 28 USC §1441(a).

7. Regarding the Florida state law claim under the FCCPA, because both the FDCPA claim and the FCCPA claim arise out of the same nucleus of operative

facts,[1] the Court has supplemental jurisdiction over the FCCPA claim pursuant to 28 USC §1367(a). See e.g. Deutsche Bank Nat'l Trust Co. v. Diamond, 2017 WL 587253 *2 (M.D. Fla. Feb. 14, 2017).

8. Next, this matter has been removed within 30 days of receipt of the Complaint pursuant to 28 USC §1446(b)(1).

9. No prior notice of removal has been filed in this action.

10. All documents filed in the state court action are attached as **Exhibit 1.**

WHEREFORE, DEFENDANT requests the removal of this action from Flagler County Court to the United States District Court for the Middle District of Florida.

**Dated: July 2, 2024**                                      Respectfully submitted,

*/s/ Douglas A. Kahle*
Douglas A. Kahle, Esq.
Florida Bar No.: 0141194
E-Mail: dkahle@schwedpa.com
SCHWED KAHLE & KRESS, P.A.
11390 North Jog Road, Suite 102
Palm Beach Gardens, FL 33418
Telephone: (561) 694-0070
Facsimile: (561) 694-0057
*Attorneys for Defendant*

---

[1] Both the FDCPA claim in Count II and the FCCPA in Count I incorporate and are premised on the same factual allegations located in paragraphs 1 through 20. See Complaint ¶¶21, 30.

## CERTIFICATE OF SERVICE

I hereby certify that on **July 2, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        */s/ Douglas A. Kahle*
        Douglas A. Kahle, Esq.
        Florida Bar No.: 0141194
        E-Mail: dkahle@schwedpa.com

## SERVICE LIST

KAELYN DIAMOND, ESQ.
Ziegler Diamond Law
2430 Estancia Blvd., Unit 108
Clearwater, FL 33761
Phone: 727-538-4188
Facsimile: 727-362-4778
kaelyn@attorneydebtfighters.com

Via CM/ECF